## Doss *et al. v.* Armstrong.

*A former adjudication of title recognized.*

*The vendee of land, in order to protect himself from an adverse title, as an innocent purchaser without notice, must have paid a valuable consideration for the property.*

APPEAL from chancery.

Opinion of the court by Mr. Justice TROTTER.

The bill in this case alleges, that in the year 1834, complainant purchased of one Moses A. Levy a lot of ground in the city of Vicksburg, for the sum of sixteen thousand dollars, and received his deed for the same; that he continued in the possession of the lot from the date of his purchase until some time in July, 1838, when William C. Doss and Sylvia C. his wife, were put in possession of one third of it, under a claim of dower by Mrs. Doss, as the widow of one Hartwell Vick, deceased. The claim of Mrs. Doss was prosecuted in the probate court, which decreed her dower, and she was put in possession by the order of that court. The bill denies Mrs. Doss's right of dower, and alleges that complainant had no notice of the proceedings in the probate court to establish her claim. The title of Levy, of whom complainant purchased, is derived intermediately from John Lane, who sold the lot at public auction, in virtue of his powers as the administrator with the will annexed of the estate of Newitt Vick, deceased. The bill also refers to a quit claim deed to the lot in question from William Vick, one of the heirs of Newitt Vick, in support of the title of the complainant. The covenant, or agreement, under which it is alleged that Doss and wife claim title was not recorded, and complainant had no notice of any such evidence of title at the time of

his purchase from Levy, and claims the benefit of the law which protects a purchaser for a valuable consideration without notice. There is a prayer for an order of the court to compel John Lane to make a fee simple title to complainant, to annul and vacate the decree of the probate court, and for an account of rents received by Doss and wife, for an injunction, &c.

There was a general demurrer by Doss and wife to the whole bill, which being disallowed by the chancellor, they appealed.

It is not considered necessary to notice in their detail the several errors which have been assigned by appellants, and argued at the bar; since on the merits of the bill the case is readily settled. Indeed, all the important questions which arise in this case have been heretofore settled by this court in repeated determinations. The deed from John Lane conveyed no title to the purchaser or his assigns. John Lane had no authority to represent Newitt Vick, or to transfer his estate. This was so decided in the case of the Mayor and Aldermen of Vicksburg *v.* Vick *et al.* 1 How. 441. The powers of John Lane under his appointment to act as administrator with the will annexed of Newitt Vick were fully discussed by counsel at the bar, and deliberately examined by the court. It was a main and leading question in the cause, the court so considered it, and they determined that he had no authority to act, and that all his acts as such were null and void. That case settles the present, as it did that of Bergen *v.* Doss, which was decided at the January term, 1838.

The quit claim deed of William Vick, on which Armstrong also relies to support his title, cannot strengthen his claim to relief. For the record shows a prior conveyance of the same land by William, and several other heirs of Newitt Vick, to Hartwell Vick, under whom Doss and his wife claim. The validity of the agreement or covenant by which Hartwell Vick thus became seized of the lot of land in question, has been fully recognized by this court in the case of Randolph *v.* Doss, 3 How. 215, which was a claim arising under that contract, and is essentially the same with the one at bar. It is true that Armstrong denies any notice of this conveyance, and claims to be a purchaser for a valuable consideration. He has not, however, brought himself within the influence

Doss *et al. v.* Armstrong.

of the rule under which he claims relief. He was a mere volunteer, having paid only a nominal consideration for the release of William Vick's title, if he had any. This is shown by the deed itself. And it is well settled, that a mere volunteer can never claim relief on the ground that he is a bona fide purchaser for a valuable consideration.

We therefore feel constrained to reverse the decree of the court below, and dismiss the bill, with costs to the appellants.